

FILED
CLERK, U.S. DISTRICT COURT
APR 29 2022
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VIRGIL ERNEST COLEMAN.<br><br>Defendant. | Case No. CR 08-00560-FLA<br><br>ORDER OF DETENTION<br><br>[Fed. R. Crim. P. 32.1(a)(6);<br>18 U.S.C. § 3143(a)(1)] |

I.

On April 29, 2022, Defendant made his initial appearance – by consent to video-teleconference - on the petition for revocation of supervised release and warrant for arrest issued on September 5, 2018. Deputy Federal Public Defender ("DFPD") Jelani Lindsey was appointed to represent the defendant. The government was represented by Assistant U.S. Attorney Kathryn Seiden. A detention hearing was held.

## II.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a) following Defendant's arrest for alleged violation(s) of the terms of Defendant's ☐ probation / ☒ supervised release,

The Court finds that:

A. ☒ Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will appear for further proceedings as required if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

> ☒ the petition alleges that while on supervised release, (1) Defendant was arrested for, and subsequently convicted of, armed robbery; (2) Defendant was convicted of transporting and possession of marijuana in Las Vegas; (3) Defendant traveled to Las Vegas without permission from his Probation Officer; (4) Defendant failed to report to his Probation officer as required.
>
> ☒ Defendant failed to register as a sex offender
>
> ☒ extensive criminal history
>
> ☒ history of non-compliance while on Supervision
>
> ☒ lack of ties to the Central District of California and lack of stable residence in the Central District of California

B. ☒ Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will not endanger the safety of any other person or the community if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

> ☒ allegations in the petition (see above)
>
> ☒ history of substance abuse
>
> ☒ Defendant's criminal history, which includes acts of violence

☒ Defendant's repeated instances of non-compliance with conditions of supervised release

## III.

IT IS THEREFORE ORDERED that the defendant is remanded to the custody of the U.S. Marshal pending further proceedings in this matter.

Dated: April 29, 2022

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE
